UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT FULLER,  No. 07-12919

        Plaintiff,  District Judge Victoria A. Roberts

v.  Magistrate Judge R. Steven Whalen

EXXON MOBIL, M.C.,

        Defendant.
                                                      /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Citibank (South Dakota), N.A.'s (incorrectly identified in complaint as Exxon Mobil, M.C.) Motion for Summary Judgment [Docket #16], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Motion will be submitted on the pleadings, without oral hearing. E.D. Mich. L.R. 7.1(e)(2). For the reasons set forth below, I recommend that the Defendant's Motion be GRANTED.

**I.    FACTS**

Plaintiff originally filed his complaint in the 36th District Court for the City of Detroit, Small Claims Division , on August 14, 2006. The case was removed to the general division of the court, and Plaintiff was granted leave to file an amended state court complaint, which he did on June 12, 2007. On July 13, 2007, Defendant removed the case to this Court, based on federal question jurisdiction.

In November of 2001, Plaintiff obtained an Exxon Mobil credit card issued by Defendant Citibank. This case arises out of Citibank's attempt to obtain payment of an overdue balance of approximately $650.00. Plaintiff alleges that by "calling [his] place of employment frequently to demand late payment against [his] objection," the Defendant violated several provision of federal and Michigan law. Specifically, Plaintiff raises a single federal claim and six state law claims: (1) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*; (2) violation of Michigan's Collection and Collection Agencies Act, M.C.L. § 339.901 *et. seq.*; (3) violation of Michigan's Consumer Protection Act, M.C.L. § 445.901 *et. seq.*; (4) intentional interference with employment relationship; (5) defamation; (5) malicious prosecution; and (7) intentional infliction of emotional distress.

In his credit card application (Defendant's Exhibit A), the Plaintiff provided both his home telephone number and his work telephone number. In response to interrogatories, Plaintiff stated that Citibank contacted him "each time [he] was late for a payment." (Defendant's Exhibit B, ¶ 6(b)). Therefore, Defendant states that "[a]t most, Citibank spoke with Mr. Fuller at his work three times: once in December 2004, shortly before his account closed, and twice in May 2005." Defendant's Motion, pp. 7-8. Defendant states that Citibank representatives spoke to Plaintiff at his home in July of 2005, "during which he refused to pay his outstanding payments and hung up." *Id.*

On April 4, 2008, this Court sent Plaintiff an Order Requiring Response to Motion for Summary Judgment [Docket #17], directing that a response be filed by May 16, 2008.

To date, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the

opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. The FDCPA

The FDCPA applies only against those who satisfy the statutory definition of "debt collector." 15 U.S.C. § 1692(a)(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, 15 U.S.C. § 1692a(6)(F)(ii) exempts from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (ii) concerns a debt which was originated by such person." In other words, an actual creditor attempting to collect on its own debt does not fall within the FDCPA. *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003). *See also Stafford v. Cross Country Bank,* 262 F.Supp.2d 776,

794 (W.D.Ky.2003) (bank that is "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts"); *Kloth v. Citbank (South Dakota), N.A.*, 33 F.Supp.2d 115, 119 (D. Conn. 1998).

Defendant Citibank was a creditor attempting to collect a debt that originated with it, and thus clearly falls outside the purview of the FDCPA. Accordingly, summary judgment must be granted on the FDCPA count.

### B. Michigan Collection Agencies Act

Michigan's Collection and Collection Agencies Act, M.C.L. § 339.901 *et. seq.*, applies to "collection agencies," which are statutorily defined as follows:

> "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect *a claim owed or due or asserted to be owed or due another*, or repossessing or attempting to repossess a thing of value *owed or due or asserted to be owed or due another* arising out of an expressed or implied agreement." § 339.901(b) (Emphasis added).

This statute applies to third-party collection agencies. Like the FDCPA, it does not apply to creditors such as Citibank, who are seeking to collect on debts that are owed to them. *Asset Acceptance Corp. v. Robinson*, 244 Mich. App. 728, 732, 625 N.W.2d 804 (2001).

### C. Michigan Consumer Protection Act

Under M.C.L. § 445.904(1)(a), the Michigan Consumer Protection Act does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." *See Newton v. West*, 262 Mich.App. 434, 438-39, 686 N.W.2d 491 (2004), citing

*Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 597 N.W.2d 28 (1999). As the Supreme Court has recognized, the credit card agreements of Citibank (South Dakota), N.A., a national bank and the Defendant in this case, are federally regulated by the Office of the Comptroller of the Currency. *See Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996).

Plaintiff's claims under the Michigan CPA are therefore subject to dismissal.

### D. Intentional Interference with Employment Relationship

Under Michigan law, a state claim of tortious interference with an at-will employment relationship is a "specific intent" tort, that is, "the [defendant] must *intentionally* do an act that is per se wrongful or do a lawful act with malice and that is unjustified in law *for the purpose of invading the contractual rights or business relationship of another*." *Feaheny v. Caldwell*, 175 Mich.App. 291, 303, 437 N.W.2d 358 (1989) (emphasis added). Such a claim requires "proof, with specificity, of affirmative acts by the defendant ... which corroborated the unlawful purpose of the interference." *Id.* at 305.

In this case, the Defendant called the Plaintiff at his work number–which Plaintiff himself provided as a contact number in his credit card application–for the purpose of securing a past-due balance that Plaintiff owed. Plaintiff has neither pled nor offered any evidence in response to this motion indicating that Defendant acted with the specific purpose of interfering with his employment. This claim should therefore be dismissed.

### E. Defamation

Under Michigan law, defamation claims must be pled with specificity. *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich.App. 48, 52, 495 N.W.2d 392 (1992). In a case of a written defamation, "[t]he law requires the very words of the libel to be set out in the declaration in order that the court or judge may judge whether they constitute a ground of action." *De Guvera v. Sure Fit Products,* 14 Mich.App. 201, 206, 165 N.W.2d 418 (1968) In the case of slander, the rule is relaxed, because oral defamation "cannot be retained verbatim" it is not necessary to recite the exact words used. *Pursell v. Wolverine-Pentronix, Inc.,* 44 Mich.App. 416, 422, 205 N.W.2d 504 (1973). However, it is still necessary for a plaintiff to plead with specificity by at least setting forth the substance of the alleged slanderous statement. It was this deficiency that impelled the *Purcell* court to reject a claim of slander:

> "A review of the complaint in the instant case shows that it does not set out the substance of the statements complained of but rather speaks in terms of conclusions. *The law is well settled that the mere statement of the pleader's conclusions, unsupported by allegations of fact upon which they are based, will not suffice to state a cause of action.*" *Id.* at 422. (Emphasis added).

In this case, Plaintiff's claim of defamation is completely conclusory. Moreover, to the extent that he alleges the defamatory statements to be "you owe us money," or words to that effect, he does not allege, nor does it appear from the Defendant's unrebutted exhibits, that the statements are false. It is well-established that truth is a defense to a claim of defamation. *Porter v. Royal Oak*, 214 Mich.App. 478, 486, 542

N.W.2d 905.

Finally, the Defendant's statements, whatever they were, were made to the Plaintiff, not to a third party. Plaintiff this fails to satisfy an essential element of a defamation claim. *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420 (2005).

Plaintiff's defamation claim must therefore be dismissed.

### F. Malicious Prosecution

The elements of a Michigan action for malicious prosecution of civil proceedings are (1) the prior proceedings terminated in favor of the present plaintiff, (2) the absence of probable cause for those proceedings, (3) " 'malice,' " which is " 'a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based,'" and (4) special injury. *Friedman v. Dozorc,* 412 Mich. 1, 48; 312 NW2d 585 (1981) (citation omitted).

In this case, there were no prior judicial proceedings between the parties, much less one that terminated in the Plaintiff's favor. This claim is part of Plaintiff's "kitchen sink" approach to pleading, and must be dismissed.

### G. Intentional Infliction of Emotional Distress

To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners*

*Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

In this case, the Defendant called the Plaintiff a few times at his place of employment, at a number that Plaintiff himself provided, and attempted to collect a debt that Plaintiff does not dispute that he owes. While this may have been subjectively annoying to the Plaintiff, it is far from the level of outrageous conduct that would support a claim of intentional infliction of emotional distress.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Docket #16] be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 22, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 22, 2008.

                                                        S/G. Wilson
                                                        Judicial Assistant